JL

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anthony Cole,<br><br>              Plaintiff,<br><br>v.<br><br>Unknown Lund, et al.,<br><br>              Defendants. | No.    CV-26-01451-PHX-JAT (ASB)<br><br>**ORDER** |

Pro se Plaintiff John Anthony Cole, who is confined in the Arizona State Prison Complex (ASPC)-Eyman, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will give Plaintiff 120 days to discover the actual names of one or more of the John Doe Defendants and will dismiss Defendant Lund and Count Four without prejudice.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $35.49. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

JDDL

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

JDDL

### III. Complaint

In his four-count Complaint, Plaintiff sues Correctional Officer (CO) Lund and various John Doe Tactical Security Unit Officers (the "Doe Defendants"). Plaintiff brings claims of excessive force, inadequate medical care, failure to intervene, and civil conspiracy. He seeks declaratory and monetary relief, as well as his costs for this case.

Plaintiff alleges that on January 3, 2025, while he was confined at ASPC-Lewis, the Doe Defendants placed Plaintiff and another prisoner in leg shackles, belly chains, and handcuffs without incident. (Doc. 1 at 5.) Plaintiff asserts that five minutes later, Defendant Lund left Plaintiff and the other prisoner in a holding area to be transported to ASPC-Eyman. (*Id.* at 5, 10.) Plaintiff claims that "[m]oments later," the door was "forcefully opened [by] a plethora" of Doe Defendants wearing gas masks, who simultaneously deployed pepper spray, pepper ball air guns, and a K-9. (*Id.* at 5.) Plaintiff alleges he was "forcefully placed on his knees" for 30 minutes on concrete, asphalt, and gravel pebbles, while two unspecified Doe Defendants stood on the back of his legs. (*Id.*) Plaintiff also claims Doe Defendants tased him, violently punched him in the head and face with closed fist strikes, and slammed his face and head into a wall. (*Id.* at 4.) He asserts these "acts of unprovoked violence . . . were executed upon [him]" while he was nonresistant, noncombative, and compliant with all lawful commands, orders, and directives.[1] (*Id.*) Plaintiff alleges the Doe Defendants "utilized a coordinate[d] 'use of force' without any prior conflict, nor any conflict resolution," and he "did not display any behavior that warranted a calculated use of force." (*Id.* at 10.)

Plaintiff claims he had visible injuries, including a bleeding cut above his right eyebrow, bleeding from his mouth, and a dislodged diamond gemstone from his veneer grill. (*Id.* at 6.) Plaintiff also alleges the knees of his pants were soaked in blood. (*Id.*) Plaintiff asserts that despite his injuries, the Doe Defendants transported him 2.5 hours to

---

[1] The Court notes that according to Plaintiff's Arizona Department of Corrections, Rehabilitation and Reentry records, he was found guilty on January 16, 2025, of assault on staff by throwing substances, with a violation date of January 3, 2025. *See* https://corrections.az.gov/inmate-data-search (search by Inmate Number 371593) (last accessed May 1, 2026).

ASPC-Eyman "without any further incident or medical triage." (*Id.*)  Plaintiff alleges he was examined at ASPC-Eyman, and photos of his injuries were taken.  (*Id.*)  Plaintiff asserts he submitted a grievance that "only received boilerplate language" in response."  (*Id.*)

Plaintiff designates Count One as an Eighth Amendment excessive force claim.  Plaintiff alleges that he was "a victim of an unprovoked felonious assault perpetuated by innumerable" officers, who used objectively unreasonable, unnecessary, and unjustified force against him.  (*Id.* at 4.)

Plaintiff designates Count Two as an Eighth Amendment medical care claim.  Plaintiff alleges that Defendants denied him access to any form of medical triage, treatment, examination, or diagnosis after he suffered numerous physical injuries that produced visible and obvious blood flow.  (*Id.* at 7.)  Plaintiff asserts that instead, Defendants drove Plaintiff 2.5 hours to ASPC-Eyman in leg shackles, handcuffs, and belly chains.  (*Id.*)

Plaintiff designates Count Three as a claim for failure to intervene.  Plaintiff alleges that all Defendants violated his civil rights by failing to intervene and protect him from "rogue co-worker colle[a]gues."  (*Id.* at 9.)  Plaintiff asserts Defendants' failure to intervene "caused [him] to endure unnecessary injuries, delayed treatment, prolonged pain [and] suffering[,] and an anxiety[-]induced paranoia that created distrust in law enforcement officers."  (*Id.*)

Plaintiff designates Count Four as a civil conspiracy claim under 42 U.S.C. § 1985(3). Plaintiff alleges that Defendants "strategically plott[ed], plann[ed], conspir[ed], and collud[ed] against" his well-being, health, safety, and security.  (*Id.* at 10.)  Plaintiff asserts Defendants' behavior "extended into the further conspiracy to deny [him] basic medical care, aid, assistance, and relief by refusing [and] denying [him] access to available treatment from the on[site] healthcare provider."  (*Id.*)

As his injury for all counts, Plaintiff alleges that he suffered bruising, abrasions, and cuts on his face; abrasions, bruising, cuts, and scrapes on his legs, knees, and ankles;

**JDDL**

bruising and scratches on his thighs; a concussion; migraine headaches; sore teeth; a dislodged tooth gemstone; nerve damage to his hands and feet; ligament damage to his thumb and wrist; post-traumatic stress disorder; anxiety; and panic attacks.

## IV.    Discussion

### A.    Section 1983 Claims

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).   In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### 1.    Excessive Force

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).   However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

*Id.* at 9.

Plaintiff fails to state an excessive force claim against Defendant Lund.  Plaintiff alleges that Defendant Lund left Plaintiff restrained in the holding area, but he does not allege that Lund was one of the officers who used excessive force against him.

. . . .

Liberally construed, Plaintiff has stated an excessive force claim against the Doe Defendants.  Although Plaintiff has stated a claim against the Doe Defendants, the Court will not require service on the Doe Defendants at this time because it is, in most instances, impossible for the United States Marshal or his designee to serve a summons and complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The Court will allow Plaintiff 120 days in which to discover the actual name of one or more of the Doe Defendants, through subpoena or otherwise, and to substitute at least one of the Defendants' actual names by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.  The Court may dismiss this action without prejudice if Plaintiff fails to timely file a notice of substitution identifying at least one of the Doe Defendants, unless Plaintiff seeks and is granted an extension of time.

### 2. Medical Care

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the

indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002).

Plaintiff fails to state a medical care claim against Defendant Lund. Plaintiff does not allege that Lund was involved in denying Plaintiff medical care.

Liberally construed, Plaintiff has stated a medical care claim against the Doe Defendants.

### 3. Failure to Intervene

An officer's failure to intervene in unconstitutional conduct can support a claim where the officer has a realistic opportunity to intervene but fails to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *see also Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). Such a claim is dependent on the existence of an underlying claim against the officers who directly violated a plaintiff's constitutional rights. *See*, *e.g.*, *Perez v. City of Fresno*, 591 F. Supp. 3d 725, 752 n.21 (E.D. Cal. 2022); *Valadez v. County of Los Angeles*, No. 2:20-CV-03724-JWH-SKX, 2024 WL 3153207, at *16 (C.D. Cal. June 24, 2024).

Plaintiff fails to state a failure to intervene claim against Defendant Lund. As noted, Plaintiff does not allege that Lund participated in or was present during the alleged use of force.

Liberally construed, Plaintiff has stated a claim for failure to intervene against the Doe Defendants.

### B. Civil Conspiracy

To state a conspiracy claim, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)

JDDL

(citation omitted).  The Court "need not, however, accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy did not support a § 1983 claim); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient.").

Plaintiff has not made any factual allegations to support an agreement or meeting of the minds between Defendants.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Nor is there a "conspiracy" simply because Defendants engaged in the same conduct.  *See Myers v. City of Hermosa Beach*, 299 F. App'x 744, 747 (9th Cir. 2008) ("Before a conspiracy claim can be sustained, a plaintiff must show a meeting of the minds by the so-called conspirators. . . . [T]he evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement.") (citations omitted); *cf. Ting v. United States*, 927 F.2d 1504, 1512-13 (9th Cir. 1991) (finding insufficient evidence that defendants "conspired" to distort the facts surrounding a shooting, although the agents had a post-shooting meeting to discuss the plaintiff's arrest, failed to explain an injury to the plaintiff's arm, and allegedly made false statements regarding the circumstances of the shooting).  Absent more, Plaintiff's allegations are too vague and conclusory to state a conspiracy claim.  Thus, the Court will dismiss Count Four.

## V.    Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

(2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.       Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.       Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or private facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendants with copies of every document or provide an additional copy of every document for the Court's use.

If Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendants, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being struck without further notice to Plaintiff.

**D.       Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $35.49.

(3) Count Four is **dismissed** without prejudice.

(4) Defendant Lund is **dismissed** without prejudice.

(5) If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6) Plaintiff has **120 days** from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of one or more of the Doe Defendants, *and* to file a "notice of substitution" for one or more of the Doe Defendants.

(7) The Clerk of Court must issue ten subpoenas in blank and send them and ten copies of the Marshal's Process Receipt & Return form (USM-285) to Plaintiff.

(8) Plaintiff shall complete the subpoenas and USM-285 forms and promptly return them to the Clerk of Court.

(9) Upon receipt of properly completed subpoenas and USM-285 forms, the Clerk of Court must deliver the subpoenas, the USM-285 forms, and a copy of this Order, to the United States Marshal for service.

(10) Within **20 days** of receiving the subpoenas, USM-285 forms, and a copy of this Order, the United States Marshal must personally serve the subpoenas and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

(11) Within **10 days** after personal service is effected, the United States Marshal must file the proofs of service.

JDDL

- 10 -

(12)   The Clerk of Court may enter a judgment of dismissal for failure to prosecute without prejudice and without further notice to Plaintiff, if Plaintiff fails to file a notice of substitution within 120 days for at least one of the Doe Defendants, unless Plaintiff seeks and is granted an extension of time.

Dated this 12th day of May, 2026.

James A. Teilborg
Senior United States District Judge

JDDL

- 11 -