JL

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

John Anthony Cole,
Plaintiff,
v.
Unknown Lund, et al.,
Defendants.

No. CV-26-01451-PHX-JAT (ASB)

**ORDER AND**
**ORDER TO SHOW CAUSE**

## I. Procedural History

On February 26, 2025, pro se Plaintiff John Anthony Cole, who is confined in the Arizona State Prison Complex (ASPC)-Eyman and is proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). In a May 13, 2026 Order, the Court dismissed Count Four and Defendant Lund and gave Plaintiff 120 days to discover, by subpoena or otherwise, the identity of one or more of the Doe Defendants, and to file a "notice of substitution" for one or more of the Doe Defendants. (Doc. 8.) The Court directed the Clerk of Court to issue ten subpoenas in blank and send the subpoenas and ten copies of the Marshal's Process Receipt & Return form (USM-285) to Plaintiff. (*Id.*)

On May 20, 2026, Plaintiff filed a Motion to Strike the Record (Doc. 13). Subsequently, Plaintiff returned, and the United States Marshals Service served, subpoenas on ASPC-Lewis Warden Walker (Doc. 17); the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) "Public Access/Public Records Office" (Doc. 18);

Deputy Warden Suckle (Doc. 19); the ADCRR Public Records Officer (Doc. 20); Assistant Deputy Natasha Winton (Doc. 21); Arizona Attorney General Kris Mayes (Doc. 23); ADCRR's Human Resources Director of Administration (Doc. 24); ADCRR Director Ryan Thornell (Doc. 25); and ASPC-Lewis's Director of Human Resources (Doc. 26).

On September 9, 2026, Plaintiff filed a "Motion for an Order Compelling Disclosure or Discovery; And Notice of Substitution" (Doc. 29).

## II. Plaintiff's Motion to Strike

In his Motion to Strike, Plaintiff asks the Court to strike a footnote in the May 13, 2026 Order, in which the Court noted that according to his ADCRR records, on January 16, 2025, he was found guilty of assault on staff by throwing substances, with a violation date of January 3, 2025. (Doc. 8 at 3 n.1.) Plaintiff purports to "place the true facts on the record" and asserts that the footnote was "irresponsibly insulting." (Doc. 13 at 5.) The Court simply noted the existence of the violation and the guilty finding; it made no inference or determination about the validity of the finding. There is no basis to the strike the footnote. The Court will deny Plaintiff's Motion to Strike.

## III. Plaintiff's Motion for an Order Compelling Disclosure

Plaintiff asks the Court to order "the Defendant's employer" to compel discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of Civil Procedure. (Doc. 29 at 1.) Plaintiff asserts that on May 25, 2026, he submitted a Notice of Process Receipt & Return Subpoena, in which he requested that "Defendants" provide "digital/paper documents for 01/03/2025, ADCRR, ASPC: Lewis, Morey Unit to include: ADCRR Staff assigned to TSU (Tactical Support Unit) – names, photo ID cards, employee ID # whom performed 'state-wide' transfer, Morey SSU officers on shift to include K-9 officers-name[]s, photo ID cards, employee ID #, employee – timesheet/roll log/assignment." (*Id.* at 5.) Plaintiff contends "Defendants" did not comply with the request and instead "circumvented the subpoena by providing inaccurate and deceptive records." (*Id.*) Plaintiff asserts that when he received the documents, he asked an ADCRR supervisor at ASPC-Eyman "to examine the document sent and describe what

workers are considered 'shift list.'" (*Id.*) Plaintiff contends, "These are laundry, property, and non TSU transport officers," and the "ADCRR employee log submitted does not reflect the names or identities of ADCRR officers [who] were included in Plaintiff's request." (*Id.*) Plaintiff asks that the Court "allow for a resubmission" and "provide Court ordered language for the strict adherence of the request by Plaintiff." (*Id.* at 5-6.) Plaintiff also requests "a recommendation from the Court" to impose any appropriate sanctions under Rule 37. Plaintiff also includes a notice of substitution for Defendant John Doe #1 as M. Lavelle.

Rule 37 applies to discovery between litigants, not to subpoenas directed to non-parties. Rule 45 of the Federal Rules of Civil Procedure governs subpoenas. Rule 45(e) specifies a person's duties in responding to a subpoena. With respect to documents, "[a] person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Rule 45(e)(1)(A). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."

Plaintiff includes with his Motion copies of the Process Receipt and Returns and Subpoenas to Arizona Attorney General Mayes and ADCRR Human Resources. (Doc. 29 at 9-15.) Attorney General Mayes and ADCRR Human Resources apparently responded to the subpoenas by producing a Shift List for Friday, January 3, 2025 for "4.1 Complex Support" at ASPC-Lewis. (Doc. 29 at 7.) The Shift List provides the full names of six Correctional Officers and one Correctional Sergeant. (*Id.*) The list does not indicate the employees' specific assignment for January 3, 2025, and the employee numbers are redacted. (*Id.*) Plaintiff asserts in his Motion that an ADCRR supervisor from ASPC-Eyman—not from ASPC-Lewis—told him that the individuals identified in the Shift List were "laundry, property, and non TSU transport officers," but that is insufficient for the Court to conclude that Arizona Attorney General Mayes and ADCRR Human Resources

failed to obey the subpoena. The Court will therefore deny Plaintiff's Motion.[1]

## IV. Order to Show Cause

Plaintiff has not served the remaining Doe Defendants, and more than 120 days have passed since the May 13, 2026 Order. Plaintiff was required to file a notice of substitution for *each* Doe Defendant no later than September 10, 2026. Plaintiff has not filed a motion for extension of time to serve the remaining Doe Defendants.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Within 30 days of the filing date of this Order, Plaintiff must show cause why the remaining Doe Defendants should not be dismissed for failure to serve.

## V. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

---

[1] As noted, the United States Marshals Service served seven other subpoenas on Plaintiff's behalf. Plaintiff does not state whether he received information responsive to those subpoenas.

**C. Copies**

Because Plaintiff is currently confined in an Arizona Department of Corrections, Rehabilitation & Reentry Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating that this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendant with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Strike Record (Doc. 13) and "Motion for an Order Compelling Disclosure or Discovery" (Doc. 29) are **denied**.

(2) M. Lavelle is **substituted** for Defendant John Doe #1.

(3) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Lavelle.

. . . .

. . . .

(4) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(8) If Defendant Lavelle agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(9) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Rehabilitation & Reentry, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections, Rehabilitation & Reentry unless the officer or employee works there.

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2)] of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) Defendant Lavelle must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Within **30 days** of the filing date of this Order, Plaintiff **must show cause**, in writing, why the remaining Doe Defendants should not be dismissed for failure to serve.

(12) This matter is referred to Magistrate Judge Alison S. Bachus pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 23rd day of September, 2026.

James A. Teilborg
Senior United States District Judge

TERMPSREF